SEROB YEGOYAN, PLAINTIFF IN PRO SE
1017 VIRGINIA PL APT 2
GLENDALE, CA 91204

PHONE NO.: 818.335.4411
EMAIL: SEROB71@YMAIL.COM





**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SEROB YEGOYAN, an individual,

    **Plaintiff,**

vs.

CAVALRY PORTFOLIO SERVICES, LLC,

a Delaware Limited Liability Company.

    **Defendant.**

CASE No.: CV11-10229-JFW(FFMx)

**COMPLAINT FOR:**

1) VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
2) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
3) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;
4) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;
5) DECLARATORY RELIEF.

**DEMAND FOR JURY TRIAL**

Plaintiff SEROB YEGOYAN ("Plaintiff"), in his Complaint against Defendant CAVALRY PORTFOLIO SERVICES, LLC, ("Defendant") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action is brought by Plaintiff on behalf of himself against the named Defendant for violations of Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), and

California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §I337.

3. Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

4. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of California and within this District.

## II. PRIVATE RIGHT OF ACTION

5. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

6. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

7. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

8. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

9. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the credit reporting agencies.

10. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

## III. THE PARTIES

11. Plaintiff SEROB YEGOYAN is a natural person residing in Los Angeles County, State of California.

12. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

13. Defendant CAVALRY PORTFOLIO SERVICES, LLC is a Delaware Limited Liability Company, registered to conduct business in California.

14. Defendant is a debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

15. Plaintiff and Defendant each is a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

16. Defendant acted through its agents, employees, directors, officers, contractors, subcontractors, with direct control and supervision over their actions.

## IV. FACTS COMMON TO ALL COUNTS

17. On or around March 15 2011 Plaintiff obtained and reviewed his credit report from the three national credit reporting agencies, Experian, Equifax and Transunion (collectively "CRAs"), which revealed two collection accounts [No. 14314566 and 14321030] reported by Defendant since February 2011.

18. Plaintiff did not know of the Defendant or of the alleged debts prior to his credit review. Defendant had not provided Plaintiff with a dunning notice of debt or make any communication informing Plaintiff of its intent to report the collection accounts to the CRAs.

19. On or about March 16, 2011 Plaintiff contacted the Defendant by mail addressing Defendant's credit reporting and pursuit for collection of alleged debts prior to contacting him about the debts, and requested that Defendant validate the debts associated with the two collection accounts reported on his credit report.

20. Plaintiff resent his dispute and follow ups on several occasions, including one on September 15, 2011 but never received proper response and the requested validation.

21. Defendant failed to answer to Plaintiff's debt validation requests, failed to cease

collection activity and credit reporting upon receipt of Plaintiff's dispute, and failed to inform the CRAs that the accounts were in dispute.

22. On or about September 27, 2011 Plaintiff contacted the CRAs by telephone and disputed the collection accounts pursuant to FCRA [15 U.S.C. §1681s-2(b)], which within days was claimed to have been verified by the Defendant. However, CRAs failed to substantiate their alleged investigation and verification of the collection accounts with necessary documentation.

23. On or about November 1, 2011 Plaintiff sent another correspondence to Defendant informing of the multiple violations and requesting prompt cooperation, which was left unanswered.

24. Despite Plaintiff's efforts to date, Defendant continues to maintain the unverified accounts on Plaintiff's credit records and continues collection efforts on the invalid debts.

25. Plaintiff has suffered emotional and financial distress due to the inaccurate credit reporting and Defendant's prolonged noncompliance in resolving the situation. Specifically, as a result of Defendant's conduct, Plaintiff has suffered:

    a. Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

    b. Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## COUNT I
### Violations of FDCPA

26. Plaintiff repeats and reincorporates by reference the above paragraphs.

27. Defendant knowingly and willfully violated the FDCPA by:

a) Failing to provide dunning notice of debt and a written notice of Plaintiff's right to request validation of debt along with information about the alleged debt, including the name and contact information of the original creditor pursuant to 15 U.S.C. §1692g(a);

b) Failing to cease collection activity and continuing to make collection efforts on the alleged debt without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c) Failing to properly validate the alleged debt pursuant to 15 U.S.C. §1692g(b);

d) Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e) Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

## COUNT II
### Violations of RFDCPA

28. Plaintiff repeats and reincorporates by reference the above paragraphs.

29. Defendant knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

## COUNT III
### Violations of FCRA

30. Plaintiff repeats and reincorporates by reference the above paragraphs.

31. Defendant knowingly and willfully violated the FCRA by:

a) Furnishing inaccurate/unverified information to the CRAs pursuant to 15 U.S.C. §1681s-2 (a);

b) Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing collection accounts to the CRAs pursuant to 15 U.S.C. §1681s-2 (a)(7)(A);

c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute pursuant to 15 U.S.C. §1681s-2 (a)(8)(E);

d) Verifying the disputed account with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

e) Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy pursuant to 15 U.S.C. §1681s-2 (a)(3);

f) Continuing to report unverified information to the CRAs after lack of response and verification.

## COUNT IV
### Violations of CCRAA

32. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

33. Defendant knowingly and willfully violated CCRAA by:

a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff pursuant to California Civil Code §1785.26(b);

b) Continuing to report the collection account to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff pursuant to California Civil Code §1785.25(c);

c) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results pursuant to California Civil Code §1785.30.

## COUNT V
### Declaratory Relief

34. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

35. Plaintiff contends that the Defendant's actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against the Defendant for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendant to cease collection activity and delete the reporting of the unverified accounts and debts;

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

7. Any other relief as this Honorable Court deems appropriate.

DATED: November 29, 2011

Respectfully submitted,

By: _____

SEROB YEGOYAN, Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

```
CV11- 10229 JFW (FFMx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
SEROB YEGOYAN, PLAINTIFF IN PRO PER
1017 VIRGINIA PL APT 2
GLENDALE, CA 91204
TEL. 818-335-4411

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEROB YEGOYAN, an individual<br><br>PLAINTIFF(S)<br>v.<br>CAVALRY PORTFOLIO SERVICES, LLC<br>a Delaware Limited Liability Company.<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-10229-JFW(FFMx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): CAVALRY PORTFOLIO SERVICES, LLC

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _SEROB YEGOYAN_____, whose address is _1017 VIRGINIA PL APT 2, GLENDALE, CA 91204_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 1 5 2011_____        By: ___ANDRES PEDRO_____
                                             Deputy Clerk
                                             (Seal of the Court)
                                             1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                              SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
SEROB YEGOYAN

**DEFENDANTS**
CAVALRY PORTFOLIO SERVICES, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SEROB YEGOYAN, PLAINTIFF IN PRO PER
1017 VIRGINIA PL APT 2
GLENDALE, CA 91204

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violated 15 U.S.C. Section 1681 and 15 U.S.C. Section 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV11-10229-JFW(FFMx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 12/09/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |